IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CASE NO. 2:14-CR-127 |
| Plaintiff, | : |
| | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| CHRISTOPHER A. HARRIS (5), | : |
| CLIFFORD L. ROBINSON (16) | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter comes before this Court following a ruling by the Sixth Circuit: (1) vacating Defendant Christopher Harris's and Defendant Clifford Robinson's convictions as to Count 6 in Case No. 2:14-cr-127; and (2) remanding the case for resentencing "solely for entry of judgment and consideration of whether resentencing on their remaining convictions is necessary." (ECF No. 1612 at 35[1]). For the following reasons, this Court **VACATES** Count 6 of both Defendants' convictions. All other terms and conditions outlined in the March 17, 2017 Judgments and Commitment Orders (*Harris*, ECF No. 1482; *Robinson*, ECF No 1472) shall remain in full effect and force.

I.  BACKGROUND

A. Brief Factual Background

In March 2017, as part of the Short North Posse cases, both Harris and Robinson (collectively, "Defendants") were convicted of various murder, racketeering, and firearm charges.

---

[1] For convenience, citations to the record are as follows: *United States v. Harris*, No. 2:14-cr-00127-ALM-5 ("*Harris*"); *United States v. Ussury*, No. 2:14-cr-00127-ALM-8 ("*Ussury*"); *United States v. Robinson*, No. 2:14-cr-00127-ALM-16 ("*Robinson*").  The relevant Sixth Circuit opinion is ECF No. 1612 in all of these cases.

At issue here is Count 6, Defendants' 2017 conviction for the murder of Donathan Moon through the use of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. §§ 924(c), (j)(1) and (2). (*Harris*, ECF No. 1482; *Robinson*, ECF No 1472). The specifics of the events related to Moon's murder are not particularly relevant to the issue at hand, but Moon was murdered during an armed home invasion conducted by Rastaman Wilson, David Hurst, R.J. Wilson, Robinson, and Harris.

### B.  Sixth Circuit Opinion and Remand

On appeal from the trial verdict, the five Short North Posse defendants collectively raised more than fifteen claims. (ECF No. 1612 at 2). Relevant here, Harris and Robinson challenged their convictions for their involvement in the armed home-invasion robbery that led to Moon's murder (Counts 5 and 6). They raise various challenges to both their convictions of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1), and murder by firearm during a crime of violence, 18 U.S.C. § 924(c), (j).

Robinson first challenged the factual underpinnings of his involvement in the robbery that led to the murder of Moon, arguing that there was insufficient evidence to prove he was involved in the robbery at all. But the Sixth Circuit held that the weighing of any potential misidentifications against the other identity evidence was in the province of the jury and that the Court cannot post-hoc "disturb those evidentiary determinations." (ECF No. 1612 at 25).

As to murder in aid of racketeering, Count 5, Defendants claimed there was insufficient evidence that either Defendant committed the murder for either pecuniary gain from or to increase their position within the Short North Posse as is statutorily required under § 1959(a). Robinson separately argued that the "enterprise profits" theory cannot apply to him as he was not a member of the Short North Posse. The Sixth Circuit rejected all of these arguments, holding that the jury

properly applied the "enterprise profits" theory of pecuniary gain as to both Defendants based on reasonable inferences, and that § 1959(a) "is not limited to enterprise members." (*Id.* at 26).

But the Sixth Circuit granted relief to a different defendant, Ussury, on a different murder in aid of racketeering conviction, that of Dante Hill, on insufficiency of evidence grounds. (*Id.* at 19–24). There, the court unequivocally reaffirmed that jury's finding that Ussury murdered Hill but found that the evidence supported that Ussury "acted alone and without any apparent benefit to the Short North Posse" such that he did not murder Hill for one of § 1959(a)'s statutory purposes (*Id.* at 19–20).

Lastly, Defendants challenged their murder by firearm during a crime of violence convictions (Count 6) as those convictions were premised on the now-unconstitutional residual clause. The Sixth Circuit agreed with Defendants, setting aside their Count 6 convictions and "remand[ing] … solely for entry of judgment and consideration of whether resentencing on their remaining convictions is necessary. (*Id.* at 27, 37).

**C. Post-Appeal Procedural History**

After the Sixth Circuit's decision came out in July 2019, Ussury wrote to this Court requesting a resentencing based on the Sixth Circuit's vacatur of his Count 11 conviction. (*Ussury*, ECF Nos. 1656, 1756, 1800). This Court then requested briefing on "the limited issue of whether resentencing on defendant's remaining convictions is necessary, following the Sixth Circuit's mandate vacating some of defendant's convictions." (*Ussury*, ECF No. 1807). Ussury pushed for a de novo resentencing based on the Sixth Circuit's language opening the door for such a resentencing, while the Government emphasized the limited nature of the court's remand and the discretion vested in the district court to decide whether resentencing was necessary. (*Ussury*, ECF Nos. 1813–1815). Following the parties' briefing, this Court vacated Ussury's Count 11 but

3

deemed resentencing unnecessary in light of Ussury's other consecutive life sentences. (*Ussury*, ECF No. 1839). This brings us to today's dispute: whether this Court should or must resentence Harris or Robinson, or if either or both Defendant's situation is analogous to Ussury's.

## II.  LAW & ANALYSIS

### A. Interpreting the Sixth Circuit's Mandate

Under mandate rules, "remands can be either general or limited in scope; limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate, and general remands give the district court authority to address all matters as long as remaining consistent with remand." *U.S. v. United Technologies Corp.*, 190 F. Supp. 3d 752, 757 (S.D. Ohio 2016) (citing *U.S. v. Campbell*, 168 F. 3d 263, 265 (6th Cir. 1999)). Absent "express language in the mandate itself delimiting the precise issues to be considered on remand, the mandate is presumed to be a general mandate." *Id.* (citing *U.S. v. Moore*, 131 F. 3d 595, 598 (6th Cir. 1997)). On remands related to sentencing, a general remand allows the district court to "resentence [the] defendant de novo; however, on limited remand, [the] district court's authority is constrained to the issue or issues remanded." *U.S. v. Orlando*, 363 F. 3d 596, 601 (6th Cir. 2004). The Sixth Circuit remanded this matter to this Court "solely for the entry of judgment and consideration of whether resentencing on their remaining convictions is necessary," which can be interpreted as both a limited and general mandate: limited in the sense that this Court must vacate Harris's and Robinson's convictions for Count 6, but general in the sense that the Sixth Circuit explicitly gave this Court the discretion to *consider* whether resentencing is appropriate on their other charges. (ECF No. 1612 at 35) (emphasis added).

While the Sixth Circuit's language on remand undoubtedly gives this Court a general mandate to reassess Defendants' sentences for their remaining convictions, such a reassessment is

4

unnecessary and futile. Both Defendants were sentenced to more than one statutorily mandated life sentence by way of their § 1959(a)(1) or § 924(j)(1) convictions, because if a murder occurs during and in relation to a drug trafficking crime, it shall be "punished by death or by imprisonment for any term of years or for life," 18 U.S.C. § 924(j)(1), and if a violation of § 924 results in murder, the sentence imposed must run consecutively to any other term of imprisonment imposed on the individual, 18 U.S.C. § 924(c)(1)(D)(ii). Removal of Count 6, therefore, does not alter Defendants' sentences: Harris faces mandatory life sentences on five other Counts (Counts 5, 7, 9, 8, and 10), and Robinson faces life imprisonment for Count 5 alone. These convictions still stand, and this Court can in no way lessen those sentences. Prior to the Sixth Circuit's decision, each Defendant had multiple consecutive life sentences; now, each Defendant must still serve at least one life sentence for other Counts despite the Sixth Circuit's decision to vacate Count 6. (ECF No. 1612 at 35). So, the question is whether this limited remand warrants resentencing.

### B. Resentencing Hearing Requirement

In *U.S. v. Flack*, the Sixth Circuit remanded a 28 U.S.C § 2255 appeal, giving the district court discretion to vacate the plaintiff's convictions or conduct a resentencing hearing. 941 F. 3d 238, 240 (6th Cir. 2019). The district court decided not to conduct a resentencing hearing because the 18 U.S.C. § 3553(a)[2] factors were accounted for in the existing sentence, which it enumerated in its order. *Id.* at 241. On further appeal, distinguishing between a court correcting[3] a sentence versus resentencing a defendant, the Sixth Circuit concluded that consideration of the § 3553(a)

---

[2] A court must take into consideration the following during sentencing: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentencing disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a).

[3] The Sixth Circuit explained that a district court corrects a sentence "when its action is arithmetical, technical, or mechanical." *Flack*, 941 F.3d at 241. Examples include: (1) when a court "cuts back to the statutory maximum a sentence that had exceeded it," or (2) when a court "mechanically vacate[s] . . . unlawful convictions (and accompanying sentences.)" *Id.*

factors "amounted to a resentencing of Flack rather than to a correction of his sentence," and therefore, the court should have held a sentencing hearing at which it could "announce the reasons for the sentence 'in open court.'" *Id.* (quoting Fed R. Crim. P. 43(a); 18 U.S.C. § 3553(c)).

The situation at issue in *Flack*, however, is not present here. As previously explained, resentencing is not necessary on either Harris's or Robinson's remaining Counts and, therefore, this Court is not required to reevaluate the § 3553 factors. *See U.S. v. Augustin*, 16 F. 4th 227, 233 (6th Cir. 2021) (concluding that no resentencing hearing was required where the district court imposed a corrected sentence but did not "exercise any new or significant discretion" and "never reevaluated 'the appropriateness of the defendant's original sentence' or reconsidered the § 3553(a) factors from scratch"). Given this Court's limited ability practically to alter either Defendants' existing sentence, an order vacating Count 6 and denying resentencing without assessing the § 3553(a) factors is appropriate.

### III. CONCLUSION

For the reasons stated above, this Court **VACATES** Count 6 of Harris's and Robinson's prior convictions. All other terms and conditions outlined in this Court's March 17, 2017 Judgments and Commitment Orders (*Harris*, ECF No. 1482; *Robinson*, ECF No. 1472) shall remain in full effect and force.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** May 10, 2024